Kevin Duane MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–93–181 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 23, 1994.

Decided Sept. 7, 1994.

James R. Makin, Beaumont, for appellant.

Tom Maness, Dist. Atty. and John R. Dewitt, Asst. Dist. Atty., Beaumont, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Kevin Miller, the appellant, appeals from the trial court judgment for the felony offense of murder. The jury found the appellant guilty. The appellant was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for life. The appellant alleged one point of error. He complains that the trial court improperly admitted evidence of extraneous, unadjudicated offense in the guilt/innocence phase of the trial. We affirm the judgment of the trial court.

### Factual and Procedural Background

On January 26, 1993, Officer Jason Plunkett of the Beaumont Police Department was dispatched to investigate a possible shooting incident at the Virginia Village apartment complex located at 4365 S. Fourth Street in Beaumont, Jefferson County. Upon arriving at the apartment complex he saw a crowd surrounding a 14-year old black female who was lying on the ground, apparently having received a bullet wound to her head. After viewing the scene, Officer Plunkett radioed for the EMS to arrive and also dispatched for a detective and an I.D. officer to come to the scene of the shooting. Within a few minutes another officer from the Beaumont Police Department, Officer John S. Kerr, arrived. He performed a criminal investigation of the crime scene. Officer Kerr, upon his arrival at the scene, observed a young, black female lying on the ground. Apparently someone had wrapped a towel around her head. Shortly after his arrival the Emergency Medical Service ambulance arrived and transported the victim to the hospital. Officer Kerr said that he talked to several witnesses along with Officer Parrott and Officer Orr and the investigation revealed through the statements of several witnesses at the Virginia Village apartment complex the identity of the suspect as being Kevin Miller.

The victim, who was known in the complex by the name of Nisse, was Adeleene V. Simine. She died three days after receiving the fatal wound to the head. Subsequently, Kevin Miller was arrested by the Beaumont Police Department and charged with the murder of Adeleene Simine.

### Discussion

■ The appellant complains in his sole point of error that the trial court erred in not excluding the testimony of several witnesses who gave testimony of several extraneous, unadjudicated offenses before the jury. The appellant asserts he did not have a fair and just trial.

The first witness, of whose testimony the appellant complains, was Mirner Brown who testified that he, personally, had seen the appellant with a gun on his person. Another witness, Amanda Barnes, gave testimony to the effect that Miller likes to shoot his gun every day and that this was a frequent act of Miller. Another witness was Ronald Davis. Again, appellant complains of the admission of Davis' testimony to the effect that Ronald and the appellant had been drinking, and subsequent to the drinking they, in particular the appellant, had smoked a joint of marijuana. The appellant argues that because of such testimony before the jury that it portrayed him as a person repeatedly walking about the neighborhood displaying and discharging pistols, the appellant being under the influence of marijuana. The appellant argues that the admission of these prior acts of unlawfully carrying a weapon, discharging a firearm within the city limits, and possessing marijuana were all extraneous offenses.

■■ Evidence of other wrongful acts is not admissible to prove the character of a person to establish that he acted accordingly regarding the alleged offense. *See Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim. App.1990) [opinion on motion for rehearing]. The appellant maintains in his argument that as an accused, he is entitled to be tried only on the accusation made in the State's pleading and not on some collateral crime or for being a criminal generally. However, the appellant does admit in his brief that if the proponent of the evidence can convince the trial court that the admission of such evidence is relevant apart from the tendency to prove conforming character, then such evidence of other crimes or wrongs or acts may be admissible. In particular, such evidence may properly be used to illustrate motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, if such evidence cannot be shown for those above purposes, then the evidence is generally inadmissible. *Montgomery v. State, supra.*

■ This evidence, we conclude, was of the habit of a person. Habit evidence is admissible whether corroborated or not and, even, regardless of the presence of eyewitnesses. TEX.R.CRIM.EVID. 406 mandates that evidence of habit is relevant to prove that the conduct of the person or accused on a partic-

ular occasion was in conformity with the habit.

We must also be gauged by the equation of determining whether the danger of the undue prejudice outweighs the probative value of the evidence in view of the availability of other proof and other factors. And this determination is made by the trial court. The trial court's role is discretionary. And the trial court determines relevancy upon its perception of common experience. *See* TEX.R.CRIM.EVID. 401. The standard which the appellate court must use is determining whether the trial court's decision was an abuse of discretion. If the trial court's decision or ruling was at least within the zone of reasonable disagreement, then this appellate court should not intercede. Unless the appellate court can determine that the trial court's decision was reached based on an arbitrary and capricious manner, then the appellate court has no right to reverse the trial court's decision.

We determine that the challenged evidence definitely had relevance apart from character conformity and, indeed, this same evidence is more probative than prejudicial. Therefore, the challenged evidence is admissible, *Id.* at 388. *See Morgan v. State*, 692 S.W.2d 877 (Tex.Crim.App.1985). The relevant evidence is definitely admissible unless, the probative value of that relevant evidence is *substantially* outweighed by the danger of unfair prejudice to appellant. *See Crank v. State*, 761 S.W.2d 328 (Tex.Crim.App.1988).

The appellant at the trial level did not make the proper objections. The appellant did not object that the evidence was not relevant. Further, appellant did not object or even state that the prejudicial effect, if any, *substantially outweighed* the probative value of the evidence.

As to the testimony of Amanda Barnes, the court sustained the objection to the challenged evidence and struck the evidence and the court strictly instructed the jury to disregard the challenged evidence. The appellant prevailed in this matter at trial on this point. No error is shown.

The evidence from Ronnie Davis concerning the appellant about smoking a joint was stricken from the record. The jury was strictly instructed to disregard. No error is shown.

After examining each of the three challenged testimonies complained of by the appellant, we find that there clearly was no error presented.

The evidence in the case at bar clearly shows that the appellant's guilt was overwhelming established. Witnesses testified about the appellant's shooting the victim, these witnesses stated clearly that they heard and saw the appellant arguing with the victim, heard her say to him "I don't want to die", and clearly they viewed him shooting her in the head with a gun. Also, appellant admitted to one of the witnesses that he had just shot the victim.

It is stated in *Montgomery v. State*, [opinion on motion for rehearing on the court's own motion] *supra*, that if the evidence that was given by a proponent is opposed, then, it is the duty of the opponent to show with some specificity what his objection is to the evidence that's being admitted. Appellant fails to do so. And if the proponent of the evidence shows the trial court that the evidence is relevant apart from character conformity (we conclude the evidence is relevant and apart from character conformity) and the trial court determines that such evidence is apart from character conformity then such evidence shall be admitted. Then it is incumbent upon the opponent of such evidence to ask the trial court to exclude such evidence based on the grounds that prejudicial effect would outweigh the probative value. Again, appellant failed. And the danger of unfair prejudice must *substantially outweigh the probative value of the evidence*. The appellant at trial simply did not heed to requirements and standards as set out in *Montgomery v. State*.

We conclude that appellant at the trial court level simply failed to follow the mandates of *Montgomery v. State, supra* [opinion on motion for rehearing on the court's own motion]. Manifestly, as to the challenged evidence of Amanda Barnes and Ronald Davis. The evidence was stricken.

The sole point of error on appeal, therefore, fails to comport with the objections and lacks the proper objections below. The sole point is overruled.

Furthermore, the evidence is clearly, directly, and overwhelmingly probative in support of the jury's verdict.

No error is shown.

AFFIRMED.

BURGESS, Justice, concurring.

I concur in the result. The majority's discussion and reliance upon habit and relevancy is unnecessary since appellant's complaints can be resolved on procedural grounds.

As to Mirner Brown's testimony that he had seen appellant with a gun on a few occasions prior to the night in question, the objection was: "Your Honor, I object. This could possibly go into Rule 404 of the evidence which I have not been provided notice if The State intends to introduce it." This objection was insufficient to preserve error.

As to Amanda Barnes' testimony that appellant "every day he shoots a gun", the trial court sustained appellant's objection and instructed the jury to disregard the non-responsive answer. This instruction was sufficient to cure any possible harm. *Tennard v. State,* 802 S.W.2d 678, 685 (Tex.Crim.App.), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). Furthermore, appellant failed to move for a mistrial, thereby no error is preserved. *Fuller v. State,* 827 S.W.2d 919, 926 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3035, 125 L.Ed.2d 722 (1993).

Likewise after Ronald Davis' testimony about appellant smoking a joint the trial court sustained appellant's objection and instructed the jury to disregard the non-responsive answer. This instruction was sufficient to cure any possible harm. *Tennard,* 802 S.W.2d at 685. Furthermore, appellant failed to move for a mistrial, thereby no error is preserved. *Fuller,* 827 S.W.2d at 926.